**Opinion filed February 8, 2024**



In The

# Eleventh Court of Appeals

_____

## No. 11-23-00191-CV

_____

## IN RE COMMITMENT OF CHARLES LEVI BALLARD

**On Appeal from the 35th District Court**
**Brown County, Texas**
**Trial Court Cause No. CV2205122**

### M E M O R A N D U M   O P I N I O N

This appeal relates to a civil commitment under the Texas Civil Commitment of Sexually Violent Predators Act (the Act). *See* TEX. HEALTH & SAFETY CODE ANN. §§ 841.001–.153 (West 2017 & Supp. 2023). A jury unanimously found that Appellant, Charles Levi Ballard, is a sexually violent predator (SVP). *See id.* § 841.062. Following the jury's verdict, the trial court signed a final judgment and commitment order that civilly committed Appellant for treatment and supervision. *See id.* § 841.081(a).

In his sole issue on appeal, Appellant contends that, under Texas Supreme Court caselaw, the "behavioral abnormality" element of Section 841.003 is conclusively established as a matter of law once the State proves the "repeat sexually violent offender" element—the only other element—in the statute.

Appellant does not ask us to reverse or remand the cause based on this issue. Instead, he asks that we "grant him any and all relief that the facts and the law require and any other relief [we] may deem appropriate" and requests that we "hand down an opinion deciding that this appeal cannot present reversible error" based on the supreme court's decision in *In re Commitment of Stoddard*. 619 S.W.3d 665 (Tex. 2020). Relying upon abundant caselaw previously addressing the critical issues, including *In re Commitment of Tryon*, 654 S.W.3d 29, 37–38 (Tex. App.—Eastland 2022, pet. denied), we affirm.

## I. *Background*

Appellant's issue on appeal solely relates to the supreme court's interpretation of the Act's required elements. We therefore discuss only the facts and background necessary to address his stated issue.

Appellant is a "repeat sexually violent offender." Appellant has been convicted and sentenced for numerous sexually violent offenses. *See* HEALTH & SAFETY §§ 841.002(8)(A), 841.003(b). In 2004, Appellant was convicted of two counts of indecency with a child and was sentenced to imprisonment for two years in the Institutional Division of the Texas Department of Criminal Justice (TDCJ). In 2009, Appellant was convicted of aggravated sexual assault and two counts of indecency with a child, and he was sentenced to imprisonment for twenty years in the Institutional Division of TDCJ.

At trial, to prove the "behavioral abnormality" element required by Section 841.003(a)(2), the State presented testimony from Dr. Jason Dunham, the forensic psychologist that evaluated Appellant. Dr. Dunham testified that he

interviewed Appellant and reviewed documents, including a doctor's report,[1] a penitentiary packet, offense reports, and sex offender treatment records, to determine whether Appellant had a "behavioral abnormality" as defined in the Health and Safety Code. *See* HEALTH & SAFETY §§ 841.002(2), 841.003(1)(2). Dr. Dunham concluded that Appellant *does* suffer from a behavioral abnormality and diagnosed him with pedophiliac disorder. In support of his conclusion and diagnosis, Dr. Dunham described Appellant's history of abusing prepubescent male children and considered, among other facts, Appellant's persistence in perpetrating such offenses following formal charges, imprisonment, and treatment; Appellant's pattern of behavior; the age and gender of the victims and the fact that they were unrelated to Appellant; Appellant's age at the time of the offenses; Appellant's alcohol abuse and his intoxication during some of the abuse; that Appellant fantasized about and planned some of the abuse; and Appellant's other criminal charges and how community supervision did not deter his predatory behavior.

II. *Section 841.002 and .003 of the Texas Health & Safety Code*

Section 841.003 provides two elements that the State must prove beyond a reasonable doubt for a factfinder to conclude that a person is an SVP. HEALTH & SAFETY § 841.003(a); *Stoddard*, 619 S.W.3d at 669; *In re Commitment of Stratton*, 637 S.W.3d 870, 874 (Tex. App.—Eastland 2021, no pet.). A person is an SVP "if the person:

---

[1]Dr. Dunham described this report as "the first doctor's report." Before the State may file a petition alleging that the person is an SVP, several steps must be taken by TDCJ and a multidisciplinary team to evaluate whether a person may be an SVP; this includes an expert's examination and assessment of the person to aid TDCJ in "assess[ing] whether the person suffers from a behavioral abnormality that makes the person likely to engage in a predatory act of sexual violence." *See* HEALTH & SAFETY § 841.023(a); *Stoddard*, 619 S.W.3d at 669; *see also* HEALTH & SAFETY § 841.021(a) (TDCJ must notify a multidisciplinary team of the anticipated release of a person who may be a repeat sexually violent offender), 841.022(c) (multidisciplinary team must, among other actions, recommend the assessment of the person for a behavioral abnormality as appropriate), 841.023(a) (if recommended, an expert must examine the person and conduct a clinical assessment), 841.023(b) (TDCJ notifies State of recommendation), 841.041(a) (once the person is referred, the State may file a petition).

(1) is a repeat sexually violent offender; and

(2) suffers from a behavioral abnormality that makes the person likely to engage in a predatory act of sexual violence."

HEALTH & SAFETY § 841.003(a).

The statute defines a "repeat sexually violent offender" as a person who is convicted of "more than one sexually violent offense and a sentence is imposed for at least one of the offenses." *Id.* § 841.003(b). A "behavioral abnormality" is defined as "a congenital or acquired condition that, by affecting a person's emotional or volitional capacity, predisposes the person to commit a sexually violent offense, to the extent that the person becomes a menace to the health and safety of another person." *Id.* § 841.002(2).

## III. *Analysis*

Appellant concedes that the State proved the first element of its case—that Appellant is a repeat sexually violent offender—as a matter of law. Further, Appellant does not contest the jury's finding on, or the State's evidence tending to prove, the second element of its case—that Appellant suffers from a behavioral abnormality that makes him likely to engage in a predatory act of sexual violence. The State responds that Appellant does not challenge the trial court's judgment or the constitutionality of the statute; that there is therefore nothing for this court to review; and, requests that we overrule Appellant's single issue and affirm the judgment of the trial court.

Appellants contention on appeal is that, under the reasoning expressed by the Texas Supreme Court in the *Stoddard* opinion, the behavioral abnormality element under 841.003(a) is conclusively established once the State proves the repeat offender element, and "there are no issues that can be raised on appeal that would

result in reversible error . . . when personal and subject-matter jurisdiction are also established."[2]

Appellant's logic is as follows: the State "almost always" establishes the repeat offender element as a matter of law and can receive a partial directed verdict on that issue. Once this first element is established, Appellant contends, that the State can also receive a judgment as a matter of law on the behavioral abnormality element because of the supreme court's decision in *Stoddard*.

A. *Appellant's Reasoning Using Bohannan and Stoddard*

Appellant reasons that the supreme court in *In re Commitment of Bohannan*[3] decided that certain terms and clauses that relate to the behavioral abnormality element and definition "mean the same thing."[4] Thereafter, the supreme court in *Stoddard* stated that the behavioral abnormality element is "a present condition that creates a likelihood of [sexually violent] conduct in the future." *Stoddard*, 619 S.W.3d at 678. This statement in *Stoddard*, according to Appellant, effectively means that the State only has to prove a "likelihood of sexually reoffending" to prove the behavioral abnormality element as a matter of law, and that a repeat offender "will always have at least some 'likelihood' of sexually reoffending."

In *Bohannan*, the supreme court addressed the qualifications an expert must have to testify as to whether that person is an SVP. *Bohannan*, 388 S.W.3d at 298. Within the opinion, the court addressed and rejected the court of appeals' "bisection of the statutory definition of behavioral abnormality" when it treated a *condition* and

---

[2]Here it is undisputed that the trial court had personal and subject-matter jurisdiction over the case.

[3]388 S.W.3d 296 (Tex. 2012).

[4]Specifically, Appellant argues that "the Texas Supreme Court decided that the terms 'condition' and 'predisposition' in Section 841.002(2)'s 'behavioral abnormality' definition mean the same thing and that the 'predisposition' clause in this 'behavioral abnormality' definition and the 'likely' clause in Section 841.003(a)(2)'s 'behavioral abnormality' element also mean the same thing."

a *predisposition* as "separate things." *Id.* at 302–03. Section 841.003 describes the behavioral abnormality element as follows:

> A person is a sexually violent predator for the purposes of this chapter if the person . . . suffers from a behavioral abnormality that makes the person likely to engage in a predatory act of sexual violence.

HEALTH & SAFETY § 841.003(a)(2). In turn, Section 841.002(2) defines "behavioral abnormality" as follows:

> "Behavioral abnormality" means a congenital or acquired condition that, by affecting a person's emotional or volitional capacity, predisposes the person to commit a sexually violent offense, to the extent that the person becomes a menace to the health and safety of another person. [5]

*Id.* § 841.002(2). In rejecting the court of appeals' approach, the supreme court in *Bohannan* clarified that "[t]he condition and predisposition" part of the definition "are one and the same," and that the import of "predisposition," as found in the definition, and the likelihood that a person will "engage in a predatory act of sexual violence," as found in the element, is the same: *increased risk*. *Bohannan*, 388 S.W.3d at 302–03. The court further clarified that "whether a person '*suffers from a behavioral abnormality that makes the person likely to engage in a predatory act of sexual violence*' is a single, unified issue." *Id.* at 302–03 (emphasis added).

In *Stoddard*, the supreme court addressed legal and factual sufficiency in SVP cases and clarified the standard governing factual sufficiency reviews in such cases. *Stoddard*, 619 S.W.3d at 668. During its analysis, the supreme court repeatedly stated that there are two elements that must be proved in an SVP case: the repeat

---

[5]We repeat these definitions here for ease of readership. In *Bohannan* and a similar case, the court of appeals held that "the statutory definition of behavioral abnormality has two separate components: an acquired or congenital condition, and a predisposition to commit a sexually violent offense[,]" and that "[t]he second element . . . was also part of the definition of an SVP—someone 'likely to engage in a predatory act of sexual violence.'" *Bohannan*, 388 S.W.3d at 302–03. *Bohannan* held that this was a bisection of the statutory definition. *Id.*

offender element and the behavioral abnormality element. *See id.* at 669, 676, 678. In its last reiteration, the supreme court stated that "the Act requires evidence of *both* repeat past sexually violent behavior and a present condition that creates a likelihood of such conduct in the future." *Stoddard*, 619 S.W.3d at 678 (emphasis added). Appellant extrapolates this statement, along with the statements in *Bohannan*, to conclude that "'condition' and 'likelihood' mean[] the same thing under *Bohannan*, [which] means that the 'single, unified issue' [that the State must prove] is a 'likelihood' of sexually reoffending." Appellant takes this a step further and concludes that a person will meet the behavioral abnormality element unless the person has "**no** 'likelihood' of sexually reoffending," such that the evidence must prove that the "person is a 'perfect' person" in order to avoid meeting the behavioral abnormality element. Here, Appellant's argument misses the mark.

B. *Appellant Misconstrues Bohannan and Stoddard*

*Bohannan* and *Stoddard* both confirm that there are two elements required to determine that a person is an SVP. *Bohannan* focuses on expert qualifications and clarifies that the behavioral abnormity *determination* is a "single, unified *issue*," rather than treating all terms and phrases in either statute the same. *Bohannan*, 388 S.W.3d at 303. *Stoddard* focuses on clarifying the analysis for legal and factual sufficiency for SVP cases and ensuring that reviewing courts do not increase the number of elements required to prove that a person is an SVP. *Stoddard*, 619 S.W.3d at 668, 674–78; *see also In re Commitment of Cordova*, 618 S.W.3d 904, 916 (Tex. App.—El Paso 2021, no pet.) ("Only these two elements need to be proven by the State, and courts have uniformly rejected attempts by appellants to incorporate additional sub-requirements into these elements.") (citing *Stoddard*, 619 S.W.3d at 677). Neither *Bohannan* nor *Stoddard* stand for the proposition that proof of the repeat offender element necessarily proves the person's condition, predisposition, or likelihood of offending, or that the evidence must prove that the person has no risk

7

of reoffending. The repeat offender element and the behavioral abnormality element in the SVP statute are separate and distinct even following *Stoddard*. *See Stoddard*, 619 S.W.3d at 676, 678; *In re Commitment of Brown*, 656 S.W.3d 418, 434–35 (Tex. App.—El Paso 2022, no pet.); *In re Commitment of Tryon*, 654 S.W.3d at 37–38; *In re Commitment of Solis*, 2022 WL 3903132, at *6 (Tex. App.—Austin Aug. 31, 2022, no pet.) (mem. op.).

We recently rejected a similar argument in *In re Commitment of Tryon*. 654 S.W.3d at 38. In *Tryon*, the appellant argued that the *Stoddard* court's construction of the Act "decouples the two elements" in violation of due process. *Id.* at 37. The appellant further argued that the "'likely' or 'likelihood' language" means that "any person whose past conduct meets the [repeat offender] element . . . is inevitably 'likely' to reoffend and therefore automatically meets the [behavioral abnormality] element . . . effectively fold[ing] the second element into the first." *Id.* at 37–38. As we stated in *Tyron*:

> [Appellant] misconstrues the holding in *Stoddard*. The court there explained that the Act's definitional language interweaves the two distinct characteristics that must exist to civilly commit a person as a sexually violent predator: he must have (1) repeatedly committed acts of sexually violent behavior in the past and (2) a present condition that creates a likelihood of committing such conduct in the future. These two elements are not inexorably linked such that they must blend into each other. Moreover, although the behavioral abnormality from which a person presently suffers may have also previously afflicted him and contributed to his having repeatedly sexually offended in the past, the Act also covers circumstances in which a person's repeat past sexually violent behavior was not caused by and is not related to his present behavioral abnormality.

*Id.* at 38 (citations omitted). Here, Appellant does not argue that Chapter 841 is unconstitutional, nor does he argue that the court's interpretation of the Act in

*Stoddard* violates due process.[6]  Instead, Appellant only argues, for the first time on appeal, that "no meritorious issues [] can be raised on appeal that would result in reversible error when personal and subject-matter jurisdiction are also established" and he requests that we hand down an opinion, relying on Appellant's reasoning, stating that this appeal cannot present reversible error based on *Stoddard*.  We decline to do so.  As we have said, the elements in the SVP statute are separate and distinct even following *Stoddard*.

We overrule Appellant's sole issue on appeal.

IV.  *This Court's Ruling*

We affirm the judgment of the trial court.

W. BRUCE WILLIAMS

JUSTICE

February 8, 2024

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

---

[6]Appellant does detail the legislative history of Chapter 841 in his statement of facts, which does not present an argument on constitutional grounds.  *See In re Commitment of Pero*, No. 05-21-01141-CV, 2023 WL 3881111, at *1 (Tex. App.—Dallas June 8, 2023, no pet.) (mem. op.) ("The bulk of his argument . . . lead[s] [Appellant] to an interesting line of legislative history that may deserve attention, albeit by the legislature.  We find no ambiguity in the statutory definition of 'behavioral abnormality,' and thus we decline [his] invitation to consider the extrinsic evidence in his brief.").